UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ROCHESTER LABORERS' WELFARE-S.U.B.
FUND BY ROBERT BROWN AS CHAIRMAN,
AND DANIEL HOGAN AS SECRETARY, et al.,

                DECISION & ORDER

             Plaintiffs,

                15-CV-6171CJS

      v.

STRUCTURAL REMEDIATION SERVICES, INC.,
et al.,

             Defendants.
_____

## FACTUAL BACKGROUND

Plaintiffs Robert Brown and Daniel Hogan, Chairman and Secretary, respectively, of various funds, including the Rochester Laborers' Welfare-S.U.B. Fund, Rochester Laborers' Pension Fund, Rochester Laborers' Annuity Fund, and the Rochester Laborers' Apprentice and Training Fund (the "Funds"), and Daniel Kuntz, Business Manager of the Laborers' International Union of North America, Local Union No. 435 ("the Union"), (collectively, "plaintiffs") commenced this action in March 2015 against Structural Remediation Services, Inc. ("SRS") and Mary Ellen Belding ("Belding"), individually and as an officer of SRS, (collectively, "defendants"), pursuant to Sections 404, 406, 502(a)(2) and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1104, 1106, 1132(a)(2) and 1145, and Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a), to recover payments allegedly owed to the Funds and the Union under the terms of various collective

bargaining agreements to which SRS was a party.  (Docket # 1 at ¶¶ 1-20).  Currently pending before this Court is plaintiffs' motion to amend the complaint.  (Docket # 42).

The first and second causes of action in the original complaint state claims against SRS, the third and fourth state claims against Belding, and the fifth states a claim against both.  (Docket # 1).  The first cause of action seeks interest and liquidated damages in the amount of $3,652.57, as a result of SRS's alleged failure to timely remit contributions and deductions to the defendants for the month of March 2014.  (*Id.* at ¶¶ 26-27).  It also seeks collection costs and attorneys' fees.  (*Id.* at ¶ 25).  The second cause of action seeks an order requiring SRS to produce its books and records from October 1, 2012, to the present, for the purpose of permitting plaintiffs to conduct an audit and to pay the associated costs and attorneys' fees.  (*Id.* at ¶ 33).  To the extent the audit reveals that SRS has failed to make the appropriate contributions, the claim also seeks judgment for the contributions and deductions due and owing, along with applicable interest, liquidated damages, costs of collection, audit fees, and attorneys' fees.  (*Id.* at ¶ 34).

The third and fourth causes of action seek damages against Belding for breach of fiduciary duty to the extent that the audit demonstrates that Belding has failed to make required contributions to the Funds.  (*Id.* at ¶¶ 35-62).  Like the second cause of action, the third and fourth causes of action do not state a claim for a specified amount of unpaid contributions, but seek payment of the benefits and any associated interest, costs, and attorneys' fees.  (*Id.* at ¶¶ 43, 62).  The fifth cause of action seeks an order enjoining defendants from further violations of ERISA, LMRA, and "[j]udgment for any and all additional contributions and deductions that become due following commencement of the action or are determined to be due whether arising before or after commencement of the action."  (*Id.* at ¶¶ 63-70, prayer for relief at ¶ 4(A)).

Discovery in this case has been substantially delayed by Belding's claims of poor and deteriorating health. (*See*, *e.g.*, Docket ## 17; 20-1; 24-1; 24-2; 52 at ¶ 13). Both parties acknowledge that conducting an audit is critical to advancing this action. (Docket ## 24-1 at ¶ 24; 42-1 at ¶¶ 5-6). Despite this Court's previous order directing defendants to produce the records necessary for an audit by no later than December 15, 2016 (Docket # 34), they have not done so, and the audit still has not been conducted (Docket ## 57 at ¶ 6; 81; 82).

Plaintiffs' pending motion to amend the complaint seeks leave "to assert additional causes of action against [d]efendants for additional damages and to recover [p]laintiffs' attorneys' fees and costs." (Docket # 42-1 at ¶ 2). According to plaintiffs, although they have not yet been able to perform the audit and thus remain uncertain of the total amount of contributions owed by defendants, they have been able to calculate some of the contributions owing by using paystubs produced by defendants' employees. (*Id.* at ¶ 7). Specifically, those paystubs show that defendants failed to contribute $57,962.11 to the Funds and the Union between October 2013 and July 2015. (Docket # 57 at ¶ 13). Plaintiffs now seek to amend their complaint to specifically claim these damages through a new cause of action alleging this sum certain in unpaid contributions, along with interest, costs and fees.[1] (Docket # 42-1 at 20-21, ¶¶ 28-32). Plaintiffs continue to allege they are entitled to additional contributions determined to be owing after an audit is conducted. (*Id.* at 21-22, ¶¶ 33-39).

Plaintiffs also seek an order awarding them $1,362 for fees and expenses incurred in connection with this pending motion. (*Id.* at 4-6, ¶¶ 14-19). They claim that the relevant agreements obligate defendants to pay attorneys' fees and costs incurred by plaintiffs in their effort to collect any debt from defendants or to compel an audit. (*Id.*).

---

[1] Plaintiffs' proposed amended complaint also seeks to amend the claims asserted pursuant to ERISA Sections 404 and 406 to plead the amount of $50,968.10 in outstanding contributions owed to the Funds. (Docket # 42-1 at 25, ¶ 48(A) and 28, ¶ 67(A)).

Defendants oppose the motion on the grounds that it is untimely. (Docket # 52 at ¶ 6). Defendants claim that the relief plaintiffs seek is foreclosed by their failure to have filed their motion before the deadline set by the Court or to have sought an extension of that deadline.[2] (*Id.* at ¶¶ 7-10). Defendants argue that plaintiffs possessed some of the paystubs on which their proposed amendments are based as early as August 27, 2015, but inexplicably (and fatally) waited until November 2016 to file the pending motion. (*Id.* at ¶¶ 16-17). Defendants further claim that they would be prejudiced by plaintiffs' proposed amendments. (*Id.* at ¶¶ 21-23). According to defendants, the proposed amendments effectively transform a lawsuit over an inconsequential sum into one involving a substantial and significant amount – a change that could have affected their litigation strategy. (*Id.*). Defendants also deny that they are liable for plaintiffs' costs and fees associated with the pending motion. (*Id.* at ¶¶ 26-30).

Plaintiffs reply that the original complaint already encompasses claims for the damages they now seek to specify in the complaint. (Docket # 57 at ¶¶ 3-9). According to plaintiffs, the original complaint seeks an order compelling an audit and payment of any amounts found to be outstanding. (*Id.*). Yet, despite the fact that this matter has been pending since early 2015, an audit still has not been conducted. (*Id.*). Plaintiffs explain that considering the difficulties they have encountered in securing an audit and the passage of time since the lawsuit commenced, they determined in an abundance of caution to seek leave to specifically plead the amount of damages that the current information they have acquired demonstrates is outstanding. (*Id.* at ¶¶ 9-10, 13). According to plaintiffs, the proposed changes to the complaint do not seek to add new legal claims, but seek simply to conform the pleadings to the proof that has been developed. (*Id.* at ¶ 10).

---

[2] On June 23, 2015, this Court issued a scheduling order that required motions to join parties and to amend pleadings to be filed by August 14, 2015. (Docket # 12). Although this order was subsequently amended, the deadline for amending the pleadings was not. (Docket ## 16, 18).

Plaintiffs also dispute that defendants will be prejudiced by the proposed amendments. (*Id.* at ¶¶ 11-14). Plaintiffs reason that because the original complaint already asserts claims for these damages, defendants have been on notice of these claims since the inception of the lawsuit.[3] (*Id.*). Plaintiffs also emphasize that defendants themselves possess the books and records, an audit of which will reveal the amounts due and owing, including (but not necessarily limited to) the $57,962.11 that the paystubs reveal is owing.[4] (*Id.*). Based upon the ongoing discovery difficulties, plaintiffs request that the Court extend the scheduling order to provide further dates to amend the complaint, complete discovery, and file dispositive motions. (*Id.* at ¶ 15).

## **DISCUSSION**

It is well-settled in this Circuit that "the Rule 16(b) 'good cause' standard, rather than the more liberal standard of Rule 15(a), governs a motion to amend filed after the deadline a district court has set for amending the pleadings." *See Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000) (internal citations omitted) (collecting cases). Thus, "despite the lenient standard of Rule 15(a), a district court does not abuse its discretion in denying leave to amend the pleadings after the deadline set in the scheduling order where the moving party has failed to establish good cause." *Id*. Good cause "depends on the diligence of the moving party." *Id.*; *accord Holmes v. Grubman*, 568 F.3d 329, 335 (2d Cir. 2009) ("[w]hether good cause exists turns on the 'diligence of the moving party'") (quoting *Grochowski v. Phoenix Constr.*, 318 F.3d

---

[3] Plaintiffs also maintain that because the statute of limitations has not yet expired, they would simply commence a new action seeking these specific damages in the event that the Court denies them the right to amend the complaint in this action. (*Id.*).

[4] Plaintiffs anticipate that the audit will establish that amounts in excess of the $57,962.11 are outstanding. (*Id.*). Thus, they maintain that after the audit is conducted, they may need to further supplement the complaint to specify the results of the audit. (*Id.*).

80, 86 (2d Cir. 2003)), *cert. denied*, 562 U.S. 1102 (2010); *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007); *Carnrite v. Granada Hosp. Grp., Inc.*, 175 F.R.D. 439, 446 (W.D.N.Y. 1997).

As I expressed during oral argument, to the extent plaintiffs seek to add a new legal claim, little question exists that plaintiffs have not established that they acted with the requisite diligence in moving to add it. The record suggests that plaintiffs have had some of the paystubs since August 2015, but waited more than a year to seek leave to amend. Nor have they offered any explanation for their failure to seek an extension of the motion to amend deadline.

The crux of the issue presented to this Court is whether the amendment sought by plaintiffs is in fact the addition of a new legal claim. I agree with plaintiffs that it is not. Rather, it is a clarification of the amount of damages that they claim they can establish at this point without an audit. Viewed properly in that manner, the Rule 16 good cause standard does not govern this dispute.

ERISA plaintiffs are often unable to specify their damages in their initial pleadings, especially in cases in which they seek to compel an audit or recover continually accruing unpaid contributions. *See Ames v. STAT Fire Suppression, Inc.*, 227 F.R.D. 361, 362 (E.D.N.Y. 2005) ("[a]lthough Rule 54(c) limits the damages recoverable by a plaintiff following a default judgment to the type and quantity of damages demanded in the complaint, it does not require plaintiff to have demanded a sum certain in order to recover on default[;] the rule does not preclude an award of damages that accrued during the pendency of the action because such damages were explicitly requested in the complaint"). Indeed, even in the context of default judgments, courts routinely permit ERISA plaintiffs to specify more precisely their damages after completion of an audit so long as the original complaint placed the defendants on notice

6

that they would seek the amounts determined to be owed based upon the audit results, particularly where the defendants are provided an opportunity to dispute accuracy of the audit results. *See Rochester Laborers' Welfare-S.U.B. Fund by Brown v. Flower City Monitors, Inc.*, 2017 WL 3166920, *4 (W.D.N.Y. 2017) (permitting plaintiffs to submit proof of damages, and providing defendants an opportunity to submit proof in opposition); *Finkel v. Allstate Elec. Corp.*, 2010 WL 5558899, *4 (E.D.N.Y. 2010) ("[s]ince the [a]mended [c]omplaint put [d]efendant on notice that it could be held liable for damages accruing during the pendency of the action, damages may be awarded for unpaid contributions accruing after this action was filed"), *report and recommendation adopted*, 2011 WL 63600 (E.D.N.Y. 2011); *LaBarbera v. Avaline Trucking Inc.*, 2009 WL 3497491, *5 (E.D.N.Y. 2009) ("courts in this district have frequently awarded damages in excess of the amount sought in the complaint where a plaintiff in an ERISA default action specifically requests unpaid contributions, together with interest and liquidated damages, that become due and owing during the pending litigation[;] . . . [t]his language puts defendants on notice that they could be held liable for additional damages that accrue after the complaint has been filed"); *Trustees of the Plumbers & Pipefitters Nat'l Pension Fund v. Daniel Weintraub & Assocs., Inc.*, 2007 WL 4125453, *6 (E.D.N.Y. 2007) ("defendants were placed on notice . . . that plaintiffs have demanded an award of additional contributions accrued during the pendency of the litigation[;] . . . the [c]ourt finds that the notice principles of Rule 54(c) have been satisfied and the [c]ourt has included the estimation of delinquent contributions . . . that plaintiffs now assert became overdue after the filing of the present action"); *Annuity, Pension, Welfare & Training Funds of the Int'l Union of Operating Eng'rs, Local 14-14B, AFL-CIO, by its Trustees v. Drama Constr. Corp.*, 2007 WL 1827830, *3 (E.D.N.Y. 2007) ("[s]ince an audit of defendant's employee payroll records has not yet been

conducted, there is no basis for awarding these damages at this time[;] [u]pon completion of the audit, plaintiffs should be permitted to petition the [c]ourt, with proper evidentiary support, for an amended judgment to request additional relief if necessary"); *Lanzaframe v. Toquir Contracting, Inc.*, 545 F. Supp. 2d 255, 260 (E.D.N.Y. 2007) (granting default judgment and "permitting plaintiffs, upon completion of the audit and upon submission of evidentiary support, to petition the [c]ourt for an amended judgment to reflect specific amounts for damages and attorney's fees").

In this matter, despite plaintiffs' persistent efforts and this Court's previous order, defendants have not provided the records necessary to permit plaintiffs to conduct an audit. Indeed, defendants' opposition papers challenged plaintiffs' motion as "premature[]" because "the audit results will soon be available" – a prediction that proved far off the mark. (Docket # 53 at 5). Considering that fact, and the protracted and frustrating history of discovery, plaintiffs' desire to state their damages with as much specificity as possible at this stage to avoid future disputes appears prudent and understandable. Moreover, I discern no prejudice that defendants would suffer by allowing plaintiffs to state the minimum amount of damages they anticipate will be substantiated by the audit. Defendants will have an opportunity to contest plaintiffs' determinations of the amounts alleged to be owed.[5]

Accordingly, I grant plaintiffs' motion to the extent it seeks to supplement the original complaint to allege with more specificity the precise amounts owed by defendants. Because the claims asserted in the original complaint already seek these damages, plaintiffs do not need to add a separate cause of action, and permission to do so is denied. Rather, they should merely modify the existing causes of action to include the specified amounts. Plaintiffs are

---

[5] I also agree with plaintiffs that denial of the motion would result in waste of judicial resources and multiplication of litigation costs because plaintiffs would simply commence a new action to recover those amounts. (Docket # 57-1 at 4-5) (collecting cases).

directed to file an amended complaint in accordance with these directions by no later than **September 6, 2017**. If plaintiffs fail to file an amended complaint by that date, the original complaint will remain the operative pleading.

Plaintiffs' request for an award of attorneys' fees and costs pursuant to the "Agreements and Declarations of Trust and Collections Policy" is denied as premature. The parties' respective rights and obligations under these agreements are at issue in this case and are not properly determined in the context of this non-dispositive motion. Accordingly, plaintiffs' motion is denied without prejudice at this time.

Plaintiffs' request for an extension of the scheduling order is denied as moot. On June 20, 2017, this Court issued an Order granting plaintiffs' subsequently-filed motion to extend and issued an amended scheduling order. (Docket # 76).

**IT IS SO ORDERED.**

                                       *s/Marian W. Payson*
                                       MARIAN W. PAYSON
                                     United States Magistrate Judge

Dated: Rochester, New York
        August 8, 2017