UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ROCHESTER LABORERS' WELFARE-S.U.B.
FUND BY ROBERT BROWN AS CHAIRMAN,
AND DANIEL HOGAN AS SECRETARY, et al.,

                      DECISION & ORDER

         Plaintiffs,

                      15-CV-6171CJS

    v.

STRUCTURAL REMEDIATION SERVICES, INC.,
et al.,

         Defendants.
_____

        On September 27, 2017, defendants' retained attorneys, Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP, filed a motion to withdraw as counsel. (Docket # 92). This Court held oral argument on November 8, 2017, and following oral argument granted the request to withdraw. (Docket ## 104, 106). For the reasons explained more fully on the record on November 8, 2017, this Court indicated that it would attempt to identify an attorney willing to represent defendants in this matter on a *pro bono* basis. A subsequent telephone conference was held on November 16, 2017, with defendant Mary Ellen Belding and Jennifer A. Clark, Esq. During the conference, Ms. Belding affirmed that she had not retained new counsel and did not expect to be able to do so.

        Under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants, *see*, *e.g.*, *Sears, Roebuck & Co. v. Charles Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988), and the assignment of *pro bono* counsel in civil cases is within the trial court's discretion. *In re Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984).

Additionally, each lawyer – especially those who are admitted to practice in federal court and who are, therefore, in a position to reap the benefits of such practice – has a professional obligation to provide *pro bono* services for the poor. *See* New York Rules of Professional Conduct, Rule 6.1. In additional, Rule 83.1(f) of the Local Rules of Civil Procedure provides that:

> Every Member of the bar of this Court who maintains, or whose firm maintains, an office in this District, shall be available upon the Court's request for appointment to represent or assist in the representation of indigent parties.

Local Rules of Civil Procedure Rule 83.1(f).

Because the Court finds that appointment of counsel is warranted in this case, the Court assigns Bradley P. Kammholz, Esq., of Kammholz Messina, LLP, 1501 Pittsford-Victor Road, Suite 202, Victor, New York 14564, to faithfully and diligently represent defendants Mary Ellen Belding and Structural Remediation Services, LLC *pro bono*.

The Court will also issue an Order directing PACER to waive its fees so that *pro bono* counsel can access any other documents filed in this case that he may need. If any portion of the file in this matter is not available through PACER on the Court's Case Management/Electronic Case Management System, the Clerk of the Court shall provide a free copy of any such documents to *pro bono* counsel upon request.

A **status conference** shall be held with the undersigned at 2310 U.S. Courthouse, Rochester, New York on **December 12, 2017**, at **10:15 a.m.** At that time, a hearing shall be

scheduled to determine whether the appointment of a guardian ad litem is appropriate to protect defendant Mary Ellen Belding's interests.

**IT IS SO ORDERED.**

<u>*s/Marian W. Payson*</u>
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
November 16, 2017