UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ROCHESTER LABORERS' WELFARE-S.U.B.
FUND BY ROBERT BROWN AS CHAIRMAN,
AND DANIEL HOGAN AS SECRETARY, et al.,

          DECISION & ORDER

       Plaintiffs,

          15-CV-6171CJS

   v.

STRUCTURAL REMEDIATION SERVICES, INC.,
et al.,

       Defendants.
_____

       For the reasons explained more fully on the record on November 8, 2017, this Court indicated that it would attempt to identify an attorney willing to represent defendants in this matter on a *pro bono* basis. On November 16, 2017, the Court appointed Bradley P. Kammholz, Esq., to represent defendants on a *pro bono* basis, but subsequently granted his request to be recused from representing the defendants based upon a conflict of interest. (Docket ## 107, 111).

       Under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants, *see, e.g., Sears, Roebuck & Co. v. Charles Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988), and the assignment of *pro bono* counsel in civil cases is within the trial court's discretion. *In re Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984). Additionally, each lawyer – especially those who are admitted to practice in federal court and who are, therefore, in a position to reap the benefits of such practice – has a professional obligation to provide *pro*

*bono* services for the poor. *See* New York Rules of Professional Conduct, Rule 6.1. In additional, Rule 83.1(f) of the Local Rules of Civil Procedure provides that:

> Every Member of the bar of this Court who maintains, or whose firm maintains, an office in this District, shall be available upon the Court's request for appointment to represent or assist in the representation of indigent parties.

Local Rules of Civil Procedure Rule 83.1(f).

Because the Court finds that appointment of counsel is warranted in this case, the Court assigns Jeffrey J. Harradine, Esq., of Ward Greenberg, LLP, 1800 Bausch & Lomb Place, Rochester, New York 14604, to faithfully and diligently represent defendants Mary Ellen Belding and Structural Remediation Services, LLC *pro bono*, for the limited purpose of providing representation during a hearing to determine whether the appointment of a guardian ad litem is appropriate to protect defendant Mary Ellen Belding's interests.

The Court will also issue an Order directing PACER to waive its fees so that *pro bono* counsel can access any other documents filed in this case that he may need. If any portion of the file in this matter is not available through PACER on the Court's Case Management/Electronic Case Management System, the Clerk of the Court shall provide a free copy of any such documents to *pro bono* counsel upon request.

A **status conference** shall be held with the undersigned at 2310 U.S. Courthouse, Rochester, New York on **February 15, 2018**, at **11:00 a.m.** At that time, a hearing shall be

scheduled to determine whether the appointment of a guardian ad litem is appropriate to protect defendant Mary Ellen Belding's interests.

**IT IS SO ORDERED.**

_Marian W Payson_
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
January 26, 2018